**In re John FICKLING, Debtor.**

**No. 897–85464–511.**

United States Bankruptcy Court,
E.D. New York.

April 30, 2002.

Modifying Order May 7, 2002.

Flower, Medalie & Markowitz, Bayshore, NY, Movant/Former counsel to John Fickling.

Jeffrey K. Cymbler, Esq., New York City, for Debtor.

*MEMORANDUM DECISION
AND ORDER*

MELANIE L. CYGANOWSKI, Bankruptcy Judge.

**(Re: Motion for Final Allowance of Compensation and Reimbursement of Expenses for Flower, Medalie & Markowitz, Esqs.)**

Before the Court is a Motion for Final Allowance of Compensation and Reimbursement of Expenses for Flower, Medalie & Markowitz, Esqs. ("FM & M") f/k/a Flower & Medalie, Esqs., as Chapter 11 Counsel for the Debtor, to be payable solely by the Debtor and not from the

bankrupt estate (the "Motion"). In the Motion, FM & M seeks a determination that $120,095.00 [1] in legal fees and expense reimbursements associated with representing the above-captioned Debtor while he was a debtor under Chapter 11 were not discharged when the Debtor's case was converted to Chapter 7 and a Chapter 7 discharge was entered. For the reasons stated below, the Motion is denied.

## FACTUAL BACKGROUND

On October 23, 1992, John Fickling (the "Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code. By Order, dated January 28, 1993, the Debtor was authorized to employ FM & M as his counsel in the Chapter 11 case. FM & M served as Debtor's counsel until March 18, 1997 when the Court authorized FM & M's withdrawal as counsel of record.[2] The Debtor's case was converted to Chapter 7 on November 13, 1996. On April 14, 1997, an Order of Discharge was entered and the Debtor was released from all dischargeable debts.

On March 21, 2001, FM & M filed the Motion seeking authorization to collect $120,095 [3] in legal fees and expense reimbursements associated with its representation of the Debtor in Chapter 11 directly from the Debtor as a non-dischargeable debt. The Debtor objects to the Motion and argues that while a *post* Chapter 11–

filing, *pre* Chapter 7–conversion administrative expense claim is entitled to priority in the Chapter 7 case, it is nevertheless discharged by a Chapter 7 discharge order. (*See* Debtor's Objection, dated April 17, 2001, ¶ 9).

## DISCUSSION

█ An Order of discharge in a Chapter 7 case discharges a debtor from "all debts that arose before the date of the order for relief under [Chapter 7]." 11 U.S.C. § 727(b). When a case is converted from Chapter 11 to Chapter 7, the date of the order for relief is deemed to be the date of the conversion to Chapter 7 for purposes of determining the reach of the Section 727(b) discharge. 11 U.S.C. § 348(b). Therefore, any debts incurred by a debtor prior to conversion to Chapter 7 are included within the Order of Discharge issued in the Chapter 7 case.[4] This conclusion is further supported by the legislative history of Section 727(b), which provides that "if a case is converted from chapter 11 or chapter 13 to a case under chapter 7, all debts prior to the time of conversion are discharged.... The logical result ... is to equate the result that obtains whether the case is converted from another chapter to chapter 7, or whether the other chapter proceeding is dismissed and a new case is commenced by filing a petition under chap-

1. FM & M's original Motion sought $152,200 in fees, reduced by a $38,000 retainer, and $6,844.16 in expense reimbursements, for a total of $121,044.16. In response to the Comments of the United States Trustee Regarding Application for Interim Compensation, dated April 18, 2001, FM & M voluntarily reduced its request for fees by $855 and its request for expenses, by $94.16. (*See* FM & M Reply to Debtor's Objection, dated April 23, 2001). This brings the total amount of fees and expenses to $120,095.

2. Although FM & M does not make the distinction, because of the intervening conver-

sion to Chapter 7, FM & M only represented the Debtor as a Chapter 11 Debtor from January 28, 1993 until November 12, 1996. From November 13, 1996 (the date of conversion of the case from Chapter 11 to Chapter 7) through March 18, 1997, FM & M served as the Debtor's Chapter 7 counsel.

3. *See* footnote 1, above.

4. Except for debts that are nondischargeable under Section 523, Section 727(b) makes no distinction between the nature of the debt incurred.

ter 7." 124 Cong. Rec. H11098 (daily ed. Sept. 28, 1978) (statement of Rep. Edwards), *reprinted in* Appendix D *Collier on Bankruptcy*, App. Pt. 4(f)(i), at App. Pt. 4–2452.

FM & M argues that Section 348(d) dictates a contrary result. That section provides that "[a] claim against the estate or the debtor that arises after the order for relief but before conversion in a case that is converted under section 1112 … of this title, other than a claim specified in section 503(b) of this title, shall be treated for all purposes as if such claim had arisen immediately before the date of the filing of the petition." 11 U.S.C. § 348(d). FM & M argues that because its Chapter 11 counsel fees are a "claim specified in section 503(b)," they are not deemed to arise before the date of the filing of the petition and therefore are not discharged.

■ The Court believes that the decisions of *In re Toms,* 229 B.R. 646 (Bankr. E.D.Pa.1999), and *In re Ramaker,* 117 B.R. 959 (Bankr.N.D.Iowa 1990), are directly on point and that the reasoning set forth therein should be incorporated here. In those cases, the courts determined that Section 348(d) deals with the treatment and priority of claims in the Chapter 7 distribution scheme and that this provision was not intended to "eliminate from the effect of the discharge those claims arising after the filing of the chapter 11 case but before its conversion to chapter 7." 117 B.R. at 962, 229 B.R. at 654. Rather, the *Ramaker* and *Toms* courts held that Section 348(d) permits Chapter 11 administrative expenses to retain priority status in the converted-Chapter 7 case (*i.e.,* they are paid after Chapter 7 administrative expenses and ahead of unsecured creditors)

but nonetheless are discharged to the extent there are insufficient estate assets to satisfy them.

As the *Ramaker* court further explained,

> Read in conjunction with § 348(a) and (b), [Section 727(b) ] provides that unless a debt is excepted from discharge under § 523, a discharge under § 727(a) discharges the debtor from all debts "that arose before the date of the order for relief under this chapter." That phrase is given meaning by 11 U.S.C. § 348(b) which states in pertinent part that in § 727(b), " '[t]he order for relief under this chapter' in a chapter to which a case has been converted under § … 1112 … of this title means the conversion of such case to such chapter." Thus, § 727(b) specifically discharges the debtor from all debts arising before the date of conversion. The only exceptions are those provided under 11 U.S.C. § 523.

117 B.R. at 963.[5] As in *Ramaker,* FM & M does not argue that there are any grounds under § 523 for denying the Debtor a discharge of his administrative claim arising during his Chapter 11 case.

## CONCLUSION

■ For all of the foregoing reasons, the Motion is denied. The Court holds that, to the extent that estate assets are insufficient to satisfy them, FM & M's Chapter 11 counsel fees were discharged by the Order of Discharge, dated April 14, 1997, that issued after the case was converted to Chapter 7. Chapter 11 counsel fees will, however, be given priority as a Chapter 11 administrative expense, as re-

---

**5.** *See also In re Toms,* 229 B.R. at 653 ("Thus, when a bankruptcy case is converted to chapter 7 from chapters 11, 12 or 13, section 727(b) renders dischargeable all debts which arose before the date of conversion, unless those debts are made non-dischargeable by section 523(a)").

 

quested, payable from the estate in accordance with Section 726.

Although not raised by the parties, it appears to the Court that a portion of the fees that are the subject of this Motion did not arise during the Chapter 11 case, and thus are not subject to the foregoing analysis. That is, FM & M's fees from November 13, 1996 through March 18, 1997 were incurred in the Chapter 7 case, and not while the Debtor was proceeding in Chapter 11. Nothing in this Decision and Order is intended to deal with the fees incurred by FM & M in the Chapter 7 period; if appropriate, FM & M may make an application for reimbursement of fees and expenses as Chapter 7 Debtor's counsel under Sections 330(a) and 503(b)(2).

So Ordered.

### ORDER MODIFYING MEMORANDUM DECISION AND ORDER, DATED APRIL 30, 2002

WHEREAS the Court having issued a Memorandum Decision and Order, dated April 30, 2002, denying the Motion for Final Allowance of Compensation and Reimbursement of Expenses for Flower, Medalie & Markowitz, Esqs. as Chapter 11 Counsel for the Debtor to be payable solely by the Debtor and not from the bankrupt estate; and

WHEREAS the Court having received correspondence from Jeffrey Herzberg, Esq., dated May 1, 2002, advising that "Flower, Medalie & Markowitz, Esqs. will not waive any part of its Court order and granted allowed Chapter 11 administrative expense claim in the sum of $120,095"; and

WHEREAS, based on such correspondence, it appears to the Court that clarification of its April 30, 2002 Decision is warranted as it was not the Court's intention to allow or disallow Flower, Medalie's

fees prior to a final hearing in the Chapter 7 case; it is hereby

ORDERED that the third sentence of the first paragraph on page 5 of the April 30, 2002 Order is hereby modified so that it shall read: "Chapter 11 counsel fees will, however, be given priority as a Chapter 11 administrative expense payable from the estate in accordance with Section 726. The allowance or disallowance of such fees shall be considered at the time of the final hearing in the Chapter 7 case."